# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**PAVEL NAUMOV**
    Plaintiff
                :

        v.             : Case No. **398899-V**
                  : Judge:
**CHAIRMAN OF THE BOARD OF TRUSTEES, ET AL**
    Defendant          :

## NOTICE OF SCHEDULING HEARING AND ORDER OF COURT - TRACK 3
### (838)
### COMPLAINT FILED ON <u>01/08/2015</u>

**SCHEDULING HEARING, <u>04/10/2015</u>, 9:30 AM COURTROOM , ATTENDANCE REQUIRED PLUS**
*DEADLINE: PLT EXPERTS IDENTIFIED: <u>04/10/2015</u>*

It is by the Circuit Court for Montgomery County, Maryland, hereby **ORDERED** as follows:

1) <u>Proof of Service</u>. Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service on each of the Defendants of the following: copies of the Summons, the Complaint, and this Notice of Scheduling Hearing and Order.

    a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice at the time of the Scheduling Hearing.

    b) As to any Defendant not served at the time of the initial Scheduling Hearing, the Court may sever the case against that party.

    c) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint: <u>DEADLINE: 05/08/2015</u>**

    d) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**

    e) As to any Defendant served with the Summons and Complaint, within thirty (30) days of service, the Defendant must file the Defendant's Civil Information Form with the initial pleading and a copy mailed to Plaintiff.

2) <u>Answer or Other Responsive Pleading</u>. Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court may enter an Order of Default pursuant to Rule 2-613 at the time of the initial Scheduling Hearing.

3) <u>Initial Discovery</u>. No later than ten (10) days before the Initial Scheduling Hearing, the parties shall: complete sufficient initial discovery to enable them to participate in the hearing meaningfully and in good faith and to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution (ADR) [PLEASE SEE PARAGRAPH 7 BELOW], (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of

JEANINE STEWART
PROVOST
2 COLLEGE HILL
WESTMINSTER MD 21157

CIVSFT3 01/15/2016 01:25:29

Case No. 398899-V

privilege or of protection, and (h) other matters that may be considered at the hearing, including:

   a) **Initial Disclosure of the Plaintiff's Experts to occur no later than the Scheduling Hearing:** The deadline for the disclosure of Plaintiff's experts coincides with the Scheduling Hearing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues and must be provided without delay as soon as it is known to the Plaintiff, but no later than thirty (30) days after the Scheduling Hearing without leave of the Court, including any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no circumstances may this information be withheld.

4) <u>Discovery of Electronic Information</u>. Further, **with regard to the discovery of electronic information**, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties shall be prepared to address the following at the Scheduling Hearing:

   a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
   b) Exchange of discoverable information in electronic format where appropriate, including:
      i) The format of production, *i.e.*, PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, *etc.*, and the manner in which the information shall be exchanged such as CD-ROM disks or otherwise; and
      ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
   c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
   d) The manner of handling inadvertent production of privileged materials; and
   e) Whether the parties agree to refer electronic discovery disputes to a Special Master for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court at or before the Scheduling Hearing.

5) <u>Attorneys' Fees</u>. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, at the Scheduling Hearing, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court, at the Scheduling Hearing, will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704 and 2-705.)

6) On the date and time noted above, all counsel and any unrepresented parties shall appear before the assigned judge at an Initial Scheduling Hearing to discuss the possibilities of settlement, ADR, and to establish a schedule for the completion of all proceedings. This Order is the only notice that parties and counsel will receive concerning this hearing. Failure to appear may result in sanctions. **Where the Plaintiff does not appear, failure to appear may result in dismissal of the complaint, EVEN IF DEFENDANTS HAVE NOT YET BEEN SERVED OR HAVE NOT YET ANSWERED.**

7) <u>Mediation</u>. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR

Questions? Please see <u>www.montgomerycountymd.gov/circuitcourtDCM</u> or call the DCM coordinator at 240-777-9358.

Case No. 398899-V

COUNSEL, IF APPLICABLE) PRIOR TO THE SCHEDULING HEARING.  Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator.  Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation either at the Scheduling Hearing, or in accordance with Rule 17-202(f), within thirty (30) days after entry of the order, may file (A) an objection to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

8) <u>Postponement of the Scheduling Hearing</u>.  Upon advice that the date noted above is in conflict with another required appearance for any attorney of record or unrepresented party, the Hearing may be postponed <u>once</u> for no more than two (2) weeks, with the consent of all parties.  No other postponement of the Hearing will be granted except upon motion for good cause shown. Failure to appear at the Scheduling Hearing may result in a dismissal and/or default judgment.

Date: 01/15/2015

John W. Debelius III
Circuit Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility.  The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

Questions?  Please see www.montgomerycountymd.gov/circuitcourtDCM or call the DCM coordinator at 240-777-9358.