IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAVEL NAUMOV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHAIRMAN OF THE BOARD OF TRUSTEES, MCDANIEL COLLEGE, INC., *et al*.<br><br>　　　　Defendants. | Civil Case No. 8:15-cv-00482 GJH |

## ANSWER

Defendants, Roger Casey ("Casey"), Jeanine Stewart ("Stewart"), Martin Hill ("Hill"), and McDaniel College, Inc. ("McDaniel") collectively "Defendants," by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby answer the Amended Complaint ("Complaint") filed by Plaintiff. Each paragraph below corresponds to the numbered paragraphs in Plaintiff's Amended Complaint.

### I.　　JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. Defendants admit that this Court has subject matter jurisdiction over this action.

2. Paragraph 2 of the Complaint contains a legal conclusion to which no response is required.

3. The allegations contained in Paragraph 3 are no longer relevant, as Defendants have properly removed this action to the United States District Court for the District of Maryland.

## II.     THE PARTIES

4.     In response to Paragraph 4 of the Complaint, Defendants adopt and incorporate herein the foregoing responses to Paragraphs 1 through 3 of the Complaint.

5.     Defendants admit the allegations in Paragraph 5 of the Complaint.

6.     Defendants admit the allegations in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations in Paragraph 7 of the Complaint.

8.     Defendants admit that Jeffrey Marx ("Marx") is the alternate ombudsman for the McDaniel faculty.  Defendants are without sufficient information to admit or deny the allegations in Paragraph 8 regarding whether Marx talked to Casey about "the case."

9.     Defendants deny the allegations in Paragraph 9 of the Complaint.

10.    Defendants admit the allegations in Paragraph 10 of the Complaint.

11.    Defendants deny the allegations in Paragraph 11 of the Complaint.

## III.    FACTS

12.    In response to Paragraph 12 of the Complaint, Defendants adopt and incorporate herein the foregoing responses to Paragraphs 1 through 11 of the Complaint.

13.    Defendants admit the allegations in Paragraph 13 of the Complaint.

14.    Defendants admit that Plaintiff served as Chair of Department of Math and Computer Science in 2013.  Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.    Defendants admit that Sara More served as Chair of Department of Math and Computer Science.  Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegation that Provost Jeanine Stewart suspended Dr. Naumov on August 25, 2014. Defendants admit that Provost Jeanine Stewart told Plaintiff about complaints against him, and suspended Plaintiff during the meeting. However, Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit that Provost Jeanine Stewart suspended Plaintiff after an investigation took place, and without Dr. Naumov being interviewed. However, Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants admit that the investigator did not interview Dr. Naumov; however Defendants deny the characterization of this action as a failure. Defendants deny the remaining allegation in Paragraph 19 of the Complaint.

20. Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegation in Paragraph 26 of the Complaint.

27. Defendants admit the allegation in the final sentence of Paragraph 27. However, Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. Defendants deny that Dr. Naumov was not allowed to hear the formal charges. Defendants admit the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegation in Paragraph 29; however the summary of the Grievance Committee report included all substantive information which was contained in the Grievance Committee report.

30. Defendants admit the allegation in the second sentence of Paragraph 30. However, Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants admit the allegation in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants state that the document speaks for itself.

35. Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants admit the allegation in the first two sentences of Paragraph 36. Defendants deny the allegation that Dr. Naumov was a threat to no one. Defendants are without sufficient information to admit or deny the allegation in Paragraph 36 regarding whether Dr. Naumov had been previously charged with such actions.

37. Defendants admit that the actions complained of happened before June 8, 2014, but deny the remaining allegation in Paragraph 37 of the Complaint.

38. Defendants deny the dates attributed by Plaintiff to the charges for "walking to the car", "I would marry you", and "make friendly work environment rules". Defendants admit the remaining allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants admit the allegation in the first sentence of Paragraph 40. However, Defendants deny the allegation in the second sentence of Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     The allegations in first sentence of Paragraph 43 of the Complaint call for a legal conclusion to which no response is required.  Defendants deny the allegations in the second sentence of Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants admit that the charge of stalking was dismissed by the Grievance Committee.  Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47.     Defendants admit the allegation in the first sentence of Paragraph 47.  Defendants are without sufficient information to admit or deny the allegation in the second sentence of Paragraph 47 regarding the reason the Appeal Committee dismissed the retaliation charge.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     See Answer to Paragraph 43, which is identical to Paragraph 49.

50.     Defendants deny the allegation in the first sentence of Paragraph 50 that nothing was delivered to Dr. Naumov in person.  Defendants admit the allegation that Dr. Naumov requested in person delivery.  Defendants deny the allegation that Dr. Naumov never received the decision of the Grievance Committee.  Defendants admit that Dr. Naumov was not provided with the signatures of the Grievance Committee; however Defendants deny that the procedure which was followed violated the McDaniel Title IX policy.

51.     Defendants state that the document speaks for itself.  Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

52. Defendants admit that the decision of the Appeal Panel was delivered to Dr. Naumov via email, not in person. Defendants state that the document speaks for itself.

53. Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54. Defendants admit that the Provost recused herself from the Appeal Committee and that the Appeal Committee had only two members. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants admit that the CFO was a member of the Appeal Committee. Defendants also admit that the CFO was present when the Provost met with Dr. Naumov regarding the initial charges. Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants state that the document speaks for itself.

60. Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants state that the document speaks for itself, and deny that Plaintiff has accurately quoted the language of the Title IX policy. Defendants deny the remaining allegations in Paragraph 62 of the Complaint.

63. Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 63 of the Complaint.

64. Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

65. Defendants admit the allegation in Paragraph 65 of the Complaint.

66. Defendants admit that Dr. More did not file a grievance form and that the Provost filed the grievance. Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants admit that Dr. More did not testify at the Grievance Committee hearing. Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69. Defendants state that the document speaks for itself.

70. Defendants admit that Dr. More did not testify at the Grievance Committee hearing and did not file a grievance form. Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71. Defendants admit the allegation in the first sentence of Paragraph 71 and state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 71 of the Complaint.

72. Defendants admit the allegation in the first sentence of Paragraph 72 and state that the document speaks for itself. Defendants admit that the recordings were never given to Dr. Naumov and that Dr. Naumov requested the recordings. However, Defendants deny the remaining allegations in Paragraph 72 of the Complaint.

73. Defendants state that the document speaks for itself. Defendants admit the remaining allegation in Paragraph 73.

74. Defendants admit the allegations in the first two sentences of Paragraph 74 and state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75. Defendants state that the document speaks for itself. Defendants admit the allegation in the second sentence of Paragraph 75 of the Complaint.

76. Defendants admit the allegations in the first sentence of Paragraph 76. Defendants admit that two members of the FAC were absent, as was the Provost, who is also a member of the FAC. Defendants are without sufficient information to admit or deny the allegation regarding the vote.

77. Defendants admit the allegations in Paragraph 77 of the Complaint.

78. Defendants admit the allegations in the first sentence of Paragraph 78. Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

**COUNT 1 – VIOLATION OF THE TITLE IX CONTRACT (McDaniel College, Inc. only)**

80. In response to Paragraph 80 of the Complaint, Defendants adopt and incorporate herein the foregoing responses to Paragraphs 1 through 79 of the Complaint.

81. The allegations in Paragraph 81 of the Complaint call for a legal conclusion to which no response is required.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants admit that the Grievance Committee made no recommendations on sanctions. Defendants deny the remaining allegations in Paragraph 86 of the Complaint.

87. Defendants admit that Dr. Naumov was allowed to testify on his own behalf and have witnesses testify. Defendants deny the remaining allegations in Paragraph 87 of the Complaint.

88. Defendants admit the Provost was the Complainant. However, Defendants deny the remaining allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) (ALL DEFENDANTS)

91. In response to Paragraph 91 of the Complaint, Defendants adopt and incorporate herein the foregoing responses to Paragraphs 1 through 90 of the Complaint.

92. The allegations in Paragraph 92 of the Complaint call for a legal conclusion to which no response is required.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants admit the allegation in the first sentence of Paragraph 94 and admit that Dr. More did not fill out a complaint form. However, Defendants deny the remaining allegation in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants admit that Dr. More did not fill out a grievance form and did not testify at the Grievance Committee hearing. However, Defendants deny the remaining allegation in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 106 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph.

**COUNT III – VIOLATION OF DUE PROCESS (MCDANIEL COLLEGE, INC. ONLY)**

107.    In response to Paragraph 107 of the Complaint, Defendants adopt and incorporate herein the foregoing responses to Paragraphs 1 through 106 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

112. Defendants admit that Dr. Naumov was not allowed to confront or interview any of the witnesses against him. However, Defendants deny the remaining allegations in Paragraph 112 of the Complaint.

113. The allegations in Paragraph 113 of the Complaint regarding "hearsay" call for a legal conclusion to which no response is required. Defendants deny the remaining allegations in Paragraph 113 of the Complaint.

114. Defendants deny the allegations in Paragraph 114 of the Complaint.

115. Defendants admit the allegations in Paragraph 115 of the Complaint.

116. Defendants admit the allegations in Paragraph 116 of the Complaint.

117. Defendants admit that President Casey recommended Dr. Naumov be dismissed without any recommendation from the Grievance Committee. However, Defendants deny the remaining allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

120. Defendants admit that the Appeal Committee consisted of 2 persons after the Provost recused herself. Defendants deny the remaining allegation in Paragraph 120 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph.

**COUNT IV – VIOLATION OF FACULTY HANDBOOK (MCDANIEL COLLEGE, INC. ONLY)**

121. In response to Paragraph 121 of the Complaint, Defendants adopt and incorporate herein the foregoing responses to Paragraphs 1 through 120 of the Complaint.

122. Defendants admit the allegations in Paragraph 122 of the Complaint.

123. Defendants deny the allegation in Paragraph 123 of the Complaint.

124. Defendants state that the document speaks for itself.

125. Defendants are without sufficient information to admit or deny the allegations in Paragraph 125 regarding when Plaintiff "heard of 'sweater with circles.'" Defendants deny the remaining allegations in Paragraph 125 of the Complaint.

126. Defendants deny the allegation in Paragraph 126 of the Complaint.

127. Defendants admit that Plaintiff was told that he could be accompanied by an ombudsman. Defendants deny the remaining allegations in Paragraph 127 of the Complaint.

128. Defendants admit the allegations in Paragraph 128 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph.

## RESPONSE TO REQUEST FOR JURY TRIAL

Defendants object to Plaintiff's prayer for a jury trial with respect to any claim, issue, or element of relief with respect to which Plaintiff is not entitled to a jury trial as a matter of right.

All allegations in the Complaint that are not specifically admitted above are denied.

## DEFENSES[1]

Defendants assert the following defenses, without prejudice to their right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

---

[1] By pleading the defenses herein, Defendants do not concede that each of the matters covered by the numbered defenses are to be proven by Defendants, and Defendants reserve their position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish her alleged damages.

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims and requests for relief are barred to the extent Plaintiff seeks damages in excess of the limits imposed by applicable law.

3. Plaintiff's claims and the relief sought are barred, in whole or in part, because Defendant at all times acted in good faith without malice or any intent to cause any harm to Plaintiff.

4. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

5. Plaintiff's claims are barred by the doctrine of settlement and release.

6. Defendants are entitled to a set off amount for any payments, benefits, bonuses, or advances or commissions received by Plaintiff.

7. Plaintiff's claims for damages in the form of back pay, benefits, lost, foregone, or future wages are barred to the extent Plaintiff has failed to diligently seek other employment or to otherwise mitigate his damages.

8. Plaintiff is not entitled to an award of attorneys' fees as a matter of law.

9. Defendants did not breach any agreement.

10. All allegations in the Complaint that are not specifically admitted above are denied.

11. Defendants reserve the right to rely on each and every additional defense that may become known to them through the course of this litigation, including discovery, trial, or otherwise. Defendants expressly reserve the right to amend this Answer, to assert different or additional defenses, or to otherwise amend any of their denials or averments.

**WHEREFORE**, having fully responded to the Complaint, Defendants respectfully request that this action be dismissed with prejudice.

                                              Respectfully submitted,

/s/ _____
Gil A. Abramson (Bar No. 01240)
Eileen C. Riley (Bar No. 23758)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive
Suite 200
Baltimore, Maryland 21209
*phone* (410) 415-2000
*facsimile* (410) 415-2001
gil.abramson@jacksonlewis.com
eileen.riley@jacksonlewis.com

*Attorneys for Defendants,*
*McDaniel College, Inc.,*
*Martin Hill, Chairman of the Board of Trustees,*
*Roger Casey and Jeanine Stewart*

4813-8656-5926, v. 5