IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAVEL NAUMOV,<br><br>      **Plaintiff,**<br><br>v.<br><br>MCDANIEL COLLEGE, INC. *et al.*,<br><br>      **Defendants.** | Civil Action No. 8:15-cv-00482 GJH |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, McDaniel College, Inc. ("McDaniel"), Dr. Roger Casey, Martin Hill, Chairman of the Board of Trustees, and Dr. Jeanine Stewart (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully move for the entry of summary judgment in their favor on all claims of Plaintiff Pavel Naumov's ("Plaintiff") Complaint for the reasons that no genuine issue of material fact exists and Defendants are entitled to summary judgment as a matter of law.

1. Plaintiff asserts four claims against McDaniel, his former employer, for alleged violation of Title IX (Count I), Intentional Infliction of Emotional Distress (Count II), violation of Constitutional due process (Count III), and violation of the McDaniel Faculty Handbook (Count IV), associated with his dismissal from McDaniel following a Title IX complaint against Plaintiff.

2. Plaintiff also asserts his claim of Intentional Infliction of Emotional Distress against three individual defendants, Dr. Roger Casey (McDaniel College President), Martin Hill

(Chairman of the Board of Trustees), and Dr. Jeanine Stewart (former McDaniel College Provost).

3. Summary Judgment should be entered for McDaniel on Count I, alleging violation of Title IX, because Plaintiff has no evidence to establish that he was investigated, charged or dismissed from the College because of *gender bias,* which is a requirement for any private right of action under Title IX.

4. Summary Judgment should be entered for all Defendants on Count II, alleging Intentional Infliction of Emotional Distress, because Plaintiff has provided no evidence to prove any of the elements of that tort, including the requirement that Defendants' conduct be intentional or reckless, as well as extreme and outrageous; or that Plaintiff suffered severe emotional distress.

5. Summary Judgment should be entered for McDaniel on Count III, alleging violation of due process under the Fourteenth Amendment to the U. S. Constitution, because McDaniel is a private institution, while the constitutional protections afforded by the Fourteenth Amendment restrain only the actions of the state. In this case, there are no facts to establish that McDaniel's alleged infringement on Plaintiff's constitutional rights constituted state action.

6. Summary Judgment should be entered for McDaniel on Count IV, alleging Violation of the Faculty Handbook, because McDaniel complied with the terms of the Faculty Handbook when it followed the procedures set forth in the McDaniel Title IX policy to adjudicate the allegations of harassment against Plaintiff.

7. Based on the undisputed facts, including Plaintiff's own deposition testimony, Defendants are entitled to judgment as a matter of law. In support, Defendants submit the accompanying Memorandum in Support of their Motion for Summary Judgment.

Dated: April 4, 2016            Respectfully submitted,

                                         /s/
                         Gil A. Abramson (01240)
                         Eileen Carr Riley (23758)
                         JACKSON LEWIS P.C.
                         2800 Quarry Lake Drive, Suite 200
                         Baltimore, MD 21209
                         Phone: (410) 415-2000
                         Fax:    (410) 415-2001
                         Gil.Abramson@jacksonlewis.com
                         Eileen.Riley@jacksonlewis.com

*Counsel for Defendants,*
*McDaniel College, Inc.*
*Dr. Roger Casey*
*Martin Hill*
*Dr. Jeanine Stewart*

4826-8553-3487, v. 1

3