# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DR. PAVEL NAUMOV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:15-cv-00482GJH |
| ) | |
| McDANIEL COLLEGE, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| .) | |

## DEFENDANT JEANINE STEWART'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Dr. Jeanine Stewart ("Stewart") by her undersigned counsel, hereby responds to Plaintiff Pavel Naumov's Interrogatories as follows:

### PRELIMINARY STATEMENT

(a) The information supplied in Defendant's Answers to Plaintiff's Interrogatories (the "Answers") is not based solely upon the knowledge of Defendant, but includes knowledge of the party's agents, representatives, and attorneys, unless privileged.

(b) The word usage and the sentence structure is that of the attorneys who have prepared these Answers, and said language is not purported to be the exact language of the Defendant.

(c) These Answers have been prepared pursuant to a reasonable and duly diligent investigation and search for the necessary information.

(d) Some information may be responsive to more than one interrogatory. Whenever such information is furnished in response to one interrogatory that information also is being

1

furnished in response to other pertinent interrogatories, although not necessarily specifically mentioned in the answers to those interrogatories.

(e) Where appropriate, Defendant may refer Plaintiff to Defendant McDaniel College's business records in response to an interrogatory, as provided for in Rule 33(d) of the Federal Rules of Civil Procedure.

(f) In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement or amend her responses to these Interrogatories should additional information called for by the Interrogatories be discovered.

(g) The Answers (and any further objections or responses to the Interrogatories or their subject matter) are made without waiver of, and with preservation of:

    i. All questions as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceedings, or that the interrogatories themselves are in any way reasonably calculated to lead to the discovery of admissible evidence;

    ii. The right to object to the use of any response, or the subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceeding;

    iii. The right to object on any ground at any time to a demand or request for a further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the interrogatories herein responded to; and

    iv. The right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

(h) In the event that any portion of the instructions and definitions contained in the Interrogatories conflicts with the Federal Rules of Civil Procedure, or attempts to impose requirements beyond those imposed by the applicable rules, the applicable rules and their requirements shall prevail.

(i) The Answers are limited to properly discoverable facts pertaining to the allegations set forth in the pleadings on file with the Court.

(j) Except for specific information disclosed herein, no incidental or implied disclosure of information is intended hereby. The fact that Defendant responds to any specific interrogatory herein should not be taken as an admission that Defendant accepts or admits the existence of any information, document, fact, thing, or legal argument set forth in or assumed by any such interrogatory or that such response constitutes admissible evidence, unless specifically so stated in the response. The fact that Defendant responds to any interrogatory herein shall not be construed to be a waiver of all or any part of any objections interposed by Defendant to any of the interrogatories.

(k) Defendant has not completed her investigation of the facts relating to this case, and she has not completed preparation for trial. The following responses are based upon information presently available to Defendant and are made without prejudice to the right to utilize subsequently discovered facts, witnesses, documents, things, or legal arguments.

## CONFIDENTIAL INFORMATION

Defendant objects to producing any information that reflects trade secrets or confidential business information of any Defendant or that reflects private or confidential information relating to current and former employees, faculty or students that are not parties to this lawsuit because the disclosure of that information could result in irreparable injury to this Defendant or to

3

another Defendant's business or current or former employees, faculty or students. However, to the extent that an interrogatory is not objected to on other grounds, Defendant will produce non-privileged information that is responsive to that interrogatory which may contain such information, pursuant to the terms of a joint confidentiality order to be agreed to by the parties and issued by the Court in this case.

## GENERAL OBJECTIONS

1. Defendant generally objects to the Interrogatories to the extent that any individual interrogatory requires Defendant to make an unreasonable investigation to secure the information or documents necessary to respond to the request. Pursuant to Federal Rule of Civil Procedure 26(b)(2), Defendant generally objects to any interrogatory seeking discovery of electronically stored information ("ESI") from sources that Defendant identifies as not reasonably accessible because of undue burden or cost. Any interrogatory which would require Defendant to review all documents or all of a particular type(s) or category(ies) of documents, or similarly expansive language, seeks discovery of ESI from sources that are not reasonably accessible because of undue burden and cost to Defendant because a full and complete search for all such ESI would require gathering and searching through many gigabytes of data at enormous burden and expense to Defendant in time, resources and dollars. Accordingly, Defendant objects to any such interrogatories as unreasonable and unduly burdensome. Defendant has attempted to strike a balance between the unreasonable burdens and costs of fully and completely responding to interrogatories seeking all documents or all of a particular type(s) or category(ies) of documents, or similarly expansive language, and the likelihood of finding responsive information pursuant to such a request.

2. Insofar as these interrogatories seek documents or information prior to Plaintiff's

start of employment at McDaniel or after the termination of Plaintiff's employment at McDaniel, Defendant objects on the grounds of temporal relevance and concomitant burdensomeness. Unless otherwise noted, Defendant's responses will be limited to Plaintiff's period of employment at McDaniel.

3. Defendant objects to these interrogatories to the extent that they require Defendant to make an unreasonable investigation to secure the information or documents necessary to respond to the discovery request.

4. Defendant objects to these interrogatories to the extent that they purport to impose any obligations on Defendant in excess of those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Maryland.

5. Defendant objects to each interrogatory to the extent that it calls for the disclosure of information or the identification or production of documents subject to the protections of the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

6. Defendant objects to the Interrogatories to the extent that they request Defendant to identify, index, summarize, or report the contents of documents that will be produced to Plaintiff by Defendant in response to Plaintiff's First Request for Production of Documents (the "Document Request") because the discovery sought is unreasonably cumulative and duplicative, and because the information sought can be obtained in a more convenient, less burdensome, and less expensive manner by simply reviewing the documents themselves.

7. Defendant generally objects to the Interrogatories to the extent that they purport to require Defendant to interrogate others on all matters raised in the Interrogatories, and to summarize their responses, because such a task would be unreasonably time consuming and

burdensome.

8. Defendant generally objects to the Interrogatories to the extent that they seek discovery of irrelevant, confidential, and/or personal information concerning McDaniel employees and former employees not parties to this suit, as well as other confidential information relating to McDaniel's business and operation.

9. If Defendant objects to a particular Interrogatory, either through the above general objections or through a specific objection raised below, but nevertheless proceed to respond to the Interrogatory in whole or in part, Defendant does not thereby waive her specific or general objections to the Interrogatory in question. The following answers to the Interrogatories are made subject to, and without waiving, Defendant's General Objections.

10. Rule 26(e) of the Federal Rules of Civil Procedure governs the duty of a party to supplement answers to interrogatories. To the extent that the Interrogatories seek to vary or add to the requirements of Rule 26(e), Defendant objects to the requirements imposed thereby. Defendant reserves the right, however, to supplement or amend her responses should additional information called for by the Interrogatories be discovered.

The foregoing General Objections are incorporated by reference into the following responses to each of the Interrogatories. The following responses are made subject to, and without waiving, the foregoing General Objections, as well as the specific objections stated below.

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 1.** Please state whether Sara K. More complained to Provost Jeanine Stewart about Plaintiff and, state in greatest detail by what means the complaint was made (oral, in writing, electronic transmission, or other), and the date(s) such complaint(s) was made.

**Answer to Interrogatory No. 1.** Sara More met with Dr. Stewart at More's request on April 28, 2014, with no one else present. During that meeting, Dr. More told Dr. Stewart that she planned to accept a non-tenure-track position at Johns Hopkins University for the upcoming academic year. Dr. Stewart asked her why she planned to leave her tenured position at McDaniel and she said she desired a shorter commuting time from her home near Baltimore. Dr. Stewart then asked whether Dr. More would re-consider the decision if anything were different about her work environment at McDaniel, and she said that she would probably not have considered leaving McDaniel's employment if her colleague, Pavel Naumov were not still present. Dr. Stewart told Dr. More that she respected the challenge of the decision that she faced, and that Dr. Stewart would like to have an opportunity to speak with More again to hear anything she may wish to share. Meanwhile, Dr. Stewart asked Dr. More to consider whether she would take a leave of absence from McDaniel, preserving her right to return to her tenured position, rather than resigning at that time. Dr. More ultimately did choose to take a leave of absence and defer the effective date of her resignation until after the fall term at Johns Hopkins. Stewart and More scheduled another appointment and spoke again on May 5, 2014.

Dr. More shared her complaint regarding Dr. Naumov's behavior with Dr. Stewart in two additional meetings which were held in Dr. Stewart's office on May 5 and May 28, 2014, during which More described her concerns orally. Dr. Stewart prepared notes of those two meetings which will be produced.

**Interrogatory No. 2.** Please state whether Provost Stewart ever encouraged Sara K. More to file a complaint, when this occurred, by what means it occurred, and what was Ms. More's response, if any?

**Answer to Interrogatory No. 2.** No, Dr. Stewart does not recall ever encouraging Sara More to file a complaint. During the meetings described above, Dr. Stewart only shared with More the College's Title IX policy and the fact that her concerns would be heard and investigated respectfully and with attention to her desire for confidentiality. Dr. Stewart informed Dr. More that the information she had shared could possibly obligate Dr. Stewart to file a complaint on behalf of the College. Dr. More said that she understood and accepted that possibility, but she did not wish to file a complaint herself, which Dr. Stewart respected.

7

Nevertheless, Dr. More did agree to speak with the College's Title IX investigator about her concerns regarding Dr. Pavel Naumov.

**Interrogatory No. 3.** Have you ever filed any other behavioral (harassment, stalking, etc.) complaints against faculty or staff at Washington and Lee University, Hollins University, or McDaniel College? If yes, name the individuals and produce copies of these complaints.

**Answer to Interrogatory No. 3.** Defendant objects to Plaintiff's use of the term "etc." which is undefined, vague, and subject to multiple interpretations. For purposes of this response, Defendant Stewart understands this Interrogatory to seek information about other harassment or stalking complaints which she may have filed against faculty or staff at Washington and Lee University, Hollins University, or McDaniel College. Notwithstanding this objection, and subject to this understanding, Dr. Stewart states as follows: No, she has not filed other harassment or stalking complaints against faculty or staff.

**Interrogatory No. 4.** Have any behavioral (harassment, stalking, etc.,) complaints ever been filed against you at Washington and Lee University, Hollins University, or McDaniel College? If yes, name the individuals who filed them and produce copies of these complaints and decisions made based on these complaints.

**Answer to Interrogatory No. 4.** Defendant objects to Plaintiff's use of the term "etc." which is undefined, vague, and subject to multiple interpretations. For purposes of this response, Defendant Stewart understands this Interrogatory to seek information about other harassment or stalking complaints which have been filed against her at Washington and Lee University, Hollins University, or McDaniel College. Notwithstanding this objection, and subject to this understanding, Dr. Stewart states as follows: Dr. Stewart is not aware of any such complaints which have been filed against her with the exception that she is aware that an anonymous complaint was filed against her in August 2014, in which it was alleged that she lost her temper and reprimanded staff members. However, Dr. Stewart has not seen that complaint and understands that it was investigated and ultimately closed.

**Interrogatory No. 5.** Have you had any discussions of this case with members of the Grievance Committee or the Appeal Board outside of official hearing proceeding? If so, name dates of these discussions, people present, and describe the content of each discussion with reasonable degree of details.

**Answer to Interrogatory No. 5.** No.

8

Dr. Stewart also met with Dr. More on June 30, 2014, but her recollection is that during this meeting, they only discussed Dr. More's transition out of the department chair role, and the ongoing search for a temporary replacement for her courses that was underway at that time.

Dr. Stewart kept Dr. More apprised of the various stages of the Title IX process, by email or by telephone. Generally, each time Dr. Stewart received official notification from the Title IX coordinator which was directed to her as complainant, Dr. Stewart sent an email or had a brief telephone conversation with Dr. More. Dr. Stewart will produce the email correspondence she had with Dr. More regarding this matter. She does not have dates or notes of the telephone conversations, which were brief and lacked any detail of the case.

As to the Objections:

*Eileen C Riley*

Gil A. Abramson (Bar No. 01240)
Eileen C. Riley (Bar No. 23758)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
(410) 415-2000 – Telephone
(410) 415-2001 – Facsimile
gil.abramsonson@jacksonlewis.com
eileen.riley@jacksonlewis.com

*Counsel for Defendants McDaniel College, Inc., Roger Casey, Martin Hill, and Jeanine Stewart*

17

As to the Responses:

## VERIFICATION

I, Jeanine Stewart, hereby declare, under penalty of perjury, that to the best of my knowledge, the facts stated in the foregoing Answers are true and represent the best information available at the time that the Answers were prepared.

Date: 11-20-2015

Dr. Jeanine Stewart

4834-5263-7994, v. 1

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November 2015, a copy of the Defendant Jeanine Stewart's Answers to Interrogatories were sent via electronic mail and first-class mail, postage prepaid, to:

>James C. Strouse (09557)
>Strouse Legal Services
>5401 Twin Knolls Road, Suite 7
>Columbia, Maryland 21045
>(410) 730-7600
>sstrousejc@aol.com

*Counsel for Plaintiff Pavel Naumov*

_____
Eileen Carr Riley