# Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAVEL NAUMOV,

    Plaintiff,

v.

MCDANIEL COLLEGE, INC. *et al.*,

    Defendants.

Civil Action No. 8:15-cv-00482 GJH

### AFFIDAVIT OF JENNIFER GLENNON

I, JENNIFER GLENNON, BEING OF LAWFUL AGE, hereby depose, affirm and state as follows:

1. I have personal knowledge of, and am competent to testify to, the matters stated in this Affidavit.

2. I am currently employed by McDaniel College ("McDaniel" or the "College") as Director of Human Resources and Title IX Coordinator. I have held this position since approximately July 2014, before which I served as the Interim Director of Human Resources and Title IX Coordinator for McDaniel for several months.

3. McDaniel is a liberal arts college located in Westminster, Maryland.

4. Dr. Pavel Naumov joined the faculty at McDaniel College in 2005 as an Assistant Professor of Computer Science.

5. Dr. Jeanine Stewart currently is on sabbatical leave from McDaniel College and scheduled to return in fall 2016.

6. Three different McDaniel Faculty Handbook editions were in place during the period from April 2014 and January 2015, when the events at issue in this litigation occurred: a

1

February 2014 edition, an August 2014 edition and a December 2014 edition. However, all three handbook editions contain the same Equal Opportunity Statement, and Policy on Sexual Harassment and Sexual Discrimination, which direct faculty to the College "Affirmative Action/Equal Opportunity Manual, available on the Portal" for a complete guide to College policies on equal employment. Additionally, each of the three handbooks provides in Section 4.4.7 (Grievances, Complaints), that, "[w]hen a grievance is alleged to be discrimination or harassment, procedures outlined in the Affirmative Action Manual will be followed." Each Handbook further provides that "when prejudice or discrimination in the decision-making process [related to the appeal of Renewal, Tenure or Promotion decisions] is alleged, individuals should refer to the College's Title IX policy.

7. The McDaniel Affirmative Action Manual (or AA/EEO Manual) which was referenced in the Faculty Handbooks included the McDaniel Title IX policy as Appendix B. The Title IX policy was periodically updated (even while the AA/EEO Manual was not) and the June 2014 Title IX policy was the version which was in effect at the time that a Title IX complaint was filed against Pavel Naumov in September 2014.

8. McDaniel College initially addressed Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681 *et seq.*, and its implementing regulations in the body of its AA/EEO Manual. However, beginning in approximately 2012, McDaniel College enacted a separate Title IX policy, which was then appended to its AA/EEO Manual as an Appendix B. The McDaniel College Title IX policy subsequently was updated several times, including in September 2013, March 2014, June 2014, December 2014, March 2015 and August 2015.

9. McDaniel scheduled a Title IX workshop for faculty in November 2012. McDaniel notified all faculty of critical changes to Title IX by email on April 1, 2013.

2

McDaniel required faculty and staff to participate in annual Title IX training beginning on June 5, 2014.

10. Dr. Naumov never requested from the Office of Human Resources (or from anyone else to my knowledge) to be accompanied at the Grievance Hearing by counsel, or to be accompanied by any other advisor of his own choosing other than the ombudsman.

11. On September 29, 2014, I sent an update letter to Dr. Naumov, notifying him of the composition of the Grievance Committee and the hearing details.

12. On October 7, 2014, I notified both Dr. Naumov and Dr. Stewart, via email of the results of the preliminary hearing, and that the Grievance Committee had decided to institute a formal hearing.

13. The Grievance Committee held several meetings, including hearings on October 11 and 15, 2014.

14. On October 28, 2014, Dr. Naumov advised me that he had received the results of the Grievance Committee proceeding, but complained that the results were delivered by email, and not delivered in person, and that he had not received a decisional document which contained the Grievance Committee signatures.

15. On October 31, 2014 Dr. Naumov filed an appeal of the Grievance Committee decision, which included a letter and multiple enclosures.

16. No member of the Appeal Panel that considered the charges against Dr. Naumov served on the Grievance Committee that considered his case.

17. The Appeal Panel was provided with all documents which were considered by the Grievance Committee as well as the transcripts of the Grievance Committee hearings.

18. On December 4, 2014, I notified Dr. Naumov and Dr. Stewart, in writing, that the Appeal Board voted to uphold the sanction assigned to Dr. Naumov.

19. No member of the Faculty Affairs Committee ("FAC") that considered the charges against Dr. Naumov had served on either the Grievance Committee or Appeal Panel that considered his case.

20. The Illinois Wesleyan University February 2015 Faculty Handbook, which I reviewed on the Internet during 2016, provides that faculty have tuition benefits for their dependent children at Illinois Wesleyan University and at approximately 400 other colleges and universities, and that such tuition benefits are available immediately upon hire.

21. When Dr. Naumov was suspended, he was advised that he could return to campus with prior notice to me, and that I could assist him in contacting witnesses.

22. Although Dr. Naumov's was restricted from future use of the McDaniel email when he was suspended in August 2014, it is evident that he still had full access to his existing email since he produced extensive email to the Grievance Committee and during discovery from his campus email account. Dr. Naumov also retained his McDaniel-issued computer until after this lawsuit was filed.

23. Dr. Naumov offered witnesses at the Grievance Committee hearing and participated at all levels of appeal.

24. On September 15, 2014, I forwarded to Dr. Naumov a copy of the Title IX complaint which had been filed against him by Dr. Stewart.

25. On October 7, 2014, following the Grievance Committee preliminary hearing, I notified Dr. Naumov that the Provost, Dr. Stewart, was acting as the Complainant.

26. According to McDaniel's personnel records, Dr. Naumov resided in Rockville, Maryland in Montgomery County, and not in the Westminster, Maryland or Carroll County.

**I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY and upon personal knowledge that the statements made in the foregoing Affidavit are true.**

DATED at 4:20 pm this 30 day of March, 2016.

_____
Jennifer L. Glennon

4833-6193-1567, v. 1