# Exhibit 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. PAVEL NAUMOV,                          )
                                           )
        Plaintiff,                       )
                                           )
       v.                               )     Case No. 8:15-cv-00482GJH
                                           )
McDANIEL COLLEGE, INC., et al.             )
                                           )
       Defendants.                      )
_____)

## DEFENDANT ROGER CASEY'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Dr. Roger Casey ("Casey") by his undersigned counsel, hereby responds to Plaintiff Pavel Naumov's Interrogatories as follows:

## PRELIMINARY STATEMENT

(a)     The information supplied in Defendant's Answers to Plaintiff's Interrogatories (the "Answers") is not based solely upon the knowledge of Defendant, but includes knowledge of the party's agents, representatives, and attorneys, unless privileged.

(b)     The word usage and the sentence structure is that of the attorneys who have prepared these Answers, and said language is not purported to be the exact language of the Defendant.

(c)     These Answers have been prepared pursuant to a reasonable and duly diligent investigation and search for the necessary information.

(d)     Some information may be responsive to more than one interrogatory.  Whenever such information is furnished in response to one interrogatory that information also is being furnished in response to other pertinent interrogatories, although not necessarily specifically mentioned in the answers to those interrogatories.

(e)     Where appropriate, Defendant may refer Plaintiff to Defendant's business records in response to an interrogatory, as provided for in Rule 33(d) of the Federal Rules of Civil Procedure.

(f)     In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement or amend his responses to these Interrogatories should additional information called for by the Interrogatories be discovered.

(g)     The Answers (and any further objections or responses to the Interrogatories or their subject matter) are made without waiver of, and with preservation of:

i.      All questions as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceedings, or that the interrogatories themselves are in any way reasonably calculated to lead to the discovery of admissible evidence;

ii.     The right to object to the use of any response, or the subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceeding;

iii.    The right to object on any ground at any time to a demand or request for a further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the interrogatories herein responded to; and

2

iv.     The right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

(h)     In the event that any portion of the instructions and definitions contained in the Interrogatories conflicts with the Federal Rules of Civil Procedure, or attempts to impose requirements beyond those imposed by the applicable rules, the applicable rules and their requirements shall prevail.

(i)     The Answers are limited to properly discoverable facts pertaining to the allegations set forth in the pleadings on file with the Court.

(j)     Except for specific information disclosed herein, no incidental or implied disclosure of information is intended hereby. The fact that Defendant responds to any specific interrogatory herein should not be taken as an admission that Defendant accepts or admits the existence of any information, document, fact, thing, or legal argument set forth in or assumed by any such interrogatory or that such response constitutes admissible evidence, unless specifically so stated in the response. The fact that Defendant responds to any interrogatory herein shall not be construed to be a waiver of all or any part of any objections interposed by Defendant to any of the interrogatories.

(k)     Defendant has not completed his investigation of the facts relating to this case, and it has not completed preparation for trial. The following responses are based upon information presently available to Defendant and are made without prejudice to the right to utilize subsequently discovered facts, witnesses, documents, things, or legal arguments.

## CONFIDENTIAL INFORMATION

Defendant objects to producing any information that reflects trade secrets or confidential business information of any Defendant or that reflects private or confidential information relating

3

to current and former employees, faculty or students that are not parties to this lawsuit because the disclosure of that information could result in irreparable injury to this Defendant or to another Defendant's business or current or former employees, faculty or students. However, to the extent that an interrogatory is not objected to on other grounds, Defendant will produce non-privileged information that is responsive to that interrogatory which may contain such information, pursuant to the terms of a joint confidentiality order to be agreed to by the parties and issued by the Court in this case.

## GENERAL OBJECTIONS

1.     Defendant generally objects to the Interrogatories to the extent that any individual interrogatory requires Defendant to make an unreasonable investigation to secure the information or documents necessary to respond to the request. Pursuant to Federal Rule of Civil Procedure 26(b)(2), Defendant generally objects to any interrogatory seeking discovery of electronically stored information ("ESI") from sources that Defendant identifies as not reasonably accessible because of undue burden or cost. Any interrogatory which would require Defendant to review all documents or all of a particular type(s) or category(ies) of documents, or similarly expansive language, seeks discovery of ESI from sources that are not reasonably accessible because of undue burden and cost to Defendant because a full and complete search for all such ESI would require gathering and searching through many gigabytes of data at enormous burden and expense to Defendant in time, resources and dollars. Accordingly, Defendant objects to any such interrogatories as unreasonable and unduly burdensome. Defendant has attempted to strike a balance between the unreasonable burdens and costs of fully and completely responding to interrogatories seeking all documents or all of a particular type(s) or category(ies) of documents, or similarly expansive language, and the likelihood of finding responsive information pursuant to

4

such a request.

2.     Insofar as these interrogatories seek documents or information prior to Plaintiff's start of employment at McDaniel or after the termination of Plaintiff's employment at McDaniel, Defendant objects on the grounds of temporal relevance and concomitant burdensomeness. Unless otherwise noted, Defendant's responses will be limited to Plaintiff's period of employment at McDaniel.

3.     Defendant objects to these interrogatories to the extent that they require Defendant to make an unreasonable investigation to secure the information or documents necessary to respond to the discovery request.

4.     Defendant objects to these interrogatories to the extent that they purport to impose any obligations on Defendant in excess of those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Maryland.

5.     Defendant objects to each interrogatory to the extent that it calls for the disclosure of information or the identification or production of documents subject to the protections of the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

6.     Defendant objects to the Interrogatories to the extent that they request Defendant to identify, index, summarize, or report the contents of documents that will be produced to Plaintiff by Defendant in response to Plaintiff's First Request for Production of Documents (the "Document Request") because the discovery sought is unreasonably cumulative and duplicative, and because the information sought can be obtained in a more convenient, less burdensome, and less expensive manner by simply reviewing the documents themselves.

7.     Defendant generally objects to the Interrogatories to the extent that they purport to require Defendant to interrogate others on all matters raised in the Interrogatories, and to

summarize their responses, because such a task would be unreasonably time consuming and
~~burdensome.~~

8.      Defendant generally objects to the Interrogatories to the extent that they seek
discovery of irrelevant, confidential, and/or personal information concerning McDaniel
employees and former employees not parties to this suit, as well as other confidential
information relating to McDaniel's business and operation.

9.      If Defendant objects to a particular Interrogatory, either through the above general
objections or through a specific objection raised below, but nevertheless proceed to respond to
the Interrogatory in whole or in part, Defendant does not thereby waive his specific or general
objections to the Interrogatory in question.  The following answers to the Interrogatories are
made subject to, and without waiving, Defendant's General Objections.

10.     Rule 26(e) of the Federal Rules of Civil Procedure governs the duty of a party to
supplement answers to interrogatories. To the extent that the Interrogatories seek to vary or add
to the requirements of Rule 26(e), Defendant objects to the requirements imposed thereby.
Defendant reserves the right, however, to supplement or amend his responses should additional
information called for by the Interrogatories be discovered.

The foregoing General Objections are incorporated by reference into the following
responses to each of the Interrogatories. The following responses are made subject to, and
without waiving, the foregoing General Objections, as well as the specific objections stated
below.

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 1**      Why defendant Stewart has not been suspended when
harassment complaints have been filed against her by the faculty still present on campus?

6

**Answer to Interrogatory No. 1**     Defendant Casey objects to Interrogatory No. 1 to the extent that it suggests that any Title IX harassment complaint was ever filed against Dr. Stewart at any time, as this Interrogatory suggests.

Notwithstanding this objection, but subject to it Dr. Casey responds that the only complaint regarding Dr. Stewart about which Dr. Casey is aware was not perceived by the College to implicate its Title IX policy.   The conduct alleged in the anonymous complaint against Dr. Stewart was considered relatively minor, and involved no threat of immediate harm to any faculty member or to others.   Rather, the anonymous complaint which was filed against Dr. Stewart in August 2014 alleged that she lost her temper and reprimanded staff during a group meeting; and that this and other similar outbursts constituted verbal and emotional abuse.   This claim was investigated by the College and ultimately closed after the investigation failed to substantiate the claim and the complainant remained unidentified.

There are many reasons why suspension was not viewed as an appropriate response to the anonymous complaint which the College received regarding Dr. Stewart including the fact that the Provost position is often called upon to make unpopular and/or controversial decisions about programs and personnel, and should not be subject to suspension based upon an anonymous complaint of questionable validity.

**Interrogatory No. 2**    Have you had any discussions of this case with defendant Stewart? If so, name the dates of these discussions, people present, and describe the content of each discussion with reasonable degree of details.

**Answer to Interrogatory No. 2**   Defendant objects to Plaintiff's use of the term "discussions" which is undefined, vague, and subject to multiple interpretations. For purposes of this response, Defendant Casey understands this Interrogatory to seek information about oral communications between Dr. Casey and Dr. Stewart (with or without others present) during which Dr. Casey and Dr. Stewart talked about the allegations against Naumov which were the subject of the Title IX complaint.   Notwithstanding this objection, and subject to this understanding, Dr. Casey states as follows:

In late April, 2014, Dr. Stewart made Dr. Casey aware of a faculty member's complaint against Dr. Naumov which the faculty member cited as the reason she intended to resign her position at McDaniel, and that Dr. Stewart had arranged to speak further with the faculty member.   Dr. Casey and Dr. Stewart discussed the need to conduct a Title IX investigation. No one else was present at the meeting.

7

On June 19, 2014, Dr. Stewart made Dr. Casey aware of further details of the faculty member's complaint against Dr. Naumov and that the Title IX investigation was underway. No one else was present at the meeting.

At an unknown date later during the summer of 2014, Dr. Stewart advised Dr. Casey of the results of the investigation which revealed substantial evidence of possible violation of the College's Title IX policy, and of her intention to suspend Naumov. Dr. Casey discussed with Dr. Stewart whether Dr. Stewart should bring the case forward in place of the faculty member who did not want to be identified. They agreed between themselves that the U.S. Department of Education Office of Civil Rights April 4, 2011 "Dear Colleague" letter required the College to pursue the Title IX action notwithstanding that the faculty member wished to remain as anonymous as possible. At this meeting, Dr. Casey discussed with Dr. Stewart the need for her to remove herself from the typical role of the Provost in this case since she would be the one serving in the role of Complainant in the Title IX action against Dr. Naumov. No one else was present to the best of his recollection.

Additionally, after making his recommendation that Dr. Naumov be terminated, Dr. Casey informed Dr. Stewart of his recommendation so that she could cause the Faculty Affairs Committee to convene in order to review the recommendation.

Except as noted above, Dr. Casey does not recall any other discussions with Dr. Stewart regarding the Title IX allegations against Naumov.

**Interrogatory No. 3**     Who and why decided to "uncouple" grievance committee's resolution from the sanctions? Who was consulted on this decision? Name dates of these consultations, people present, and describe the content of each discussion with reasonable degree of details.

**Answer to Interrogatory No. 3**  Defendant objects to Plaintiff's use of the term "uncouple" in reference to the Grievance Committee's action and the sanction recommendation since the McDaniel College Title IX policy does not dictate that the Grievance Committee shall recommend or implement a sanction. Notwithstanding this objection, but subject to it, no decision was made to uncouple the grievance finding from the sanctions recommendation, and there were no consultations or discussions about this topic.

**Interrogatory No. 4**  List all known to you cases of "moral turpitude" committed by Dr. Naumov. Specify dates, nature of the offense, circumstances, and names of witnesses that have been interviewed.

8

As to the Objections:

*Eileen C Riley*

Gil A. Abramson (Bar No. 01240)
Eileen C. Riley (Bar No. 23758)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
(410) 415-2000 – Telephone
(410) 415-2001 – Facsimile
gil.abramsonson@jacksonlewis.com
eileen.riley@jacksonlewis.com

*Counsel for Defendants McDaniel College, Inc.,
Roger Casey, Martin Hill, and Jeanine Stewart*

As to the Responses:

## VERIFICATION

I, Roger Casey, hereby declare, under penalty of perjury, that to the best of my knowledge, the facts stated in the foregoing Answers are true and represent the best information available at the time that the Answers were prepared.

Date: 11/19/15

Dr. Roger Casey

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _23rd_ day of November 2015, a copy of the Defendant Roger Casey's Answers to Interrogatories were sent via electronic mail and first-class mail, postage prepaid, to:

James C. Strouse (09557)
Strouse Legal Services
5401 Twin Knolls Road, Suite 7
Columbia, Maryland 21045
(410) 730-7600
sstrousejc@aol.com

*Counsel for Plaintiff Pavel Naumov*

Eileen Carr Riley