IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAVEL NAUMOV,<br><br>             Plaintiff,<br><br>   v.<br><br>MCDANIEL COLLEGE, INC., ET AL,<br>             Defendant. | Civil Action No. 8:15-CV-00482 GJH |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

      The Defendants, McDaniel College, Inc., Roger Casey, Jeanine Stewart and Martin Hill, by and through undersigned counsel, hereby oppose the motion filed by Plaintiff Pavel Naumov asking for a thirty day extension of discovery and an extension of time in which to file dispositive motions. (ECF 52.)  For the reasons that follow, Plaintiff's motion should be denied.

      1.     This Court entered an initial scheduling order in this matter on October 15, 2015. (ECF 48).  That order provided that all fact and document discovery was to be served, noticed and completed by March 7, 2016.

      2.     Plaintiff issued written discovery requests on October 21, 2015, and Defendants provided timely responses on November 23, 2015.

      3.     On Friday, February 12, 2016, Plaintiff's counsel mailed to the undersigned counsel "Plaintiff's Second Request for Production of Documents to McDaniel College, Inc., et al" ("Second Request"). (See Envelope attached as Exhibit A.)   On Tuesday, February 16, 2016 (following the President's Day holiday) the undersigned counsel received Plaintiff's Second Request. (See Second Request attached as Exhibit B.)

1

4. Plaintiff issued his Second Request to Defendants less than 30 days before the March 7, 2016 deadline for completion of such discovery. The undersigned counsel received Plaintiff's Second Request when only 20 days remained before the end of discovery.

5. On March 3, 2016, the Parties filed a joint status report confirming that all discovery has been completed in this case; and that all parties intended to file dispositive motions.

6. On March 15, 2016, the undersigned counsel asked Plaintiff's counsel, by email, to confirm that he would be filing a dispositive motion, noting that the parties should propose a briefing schedule to the Court. On March 15, 2016, Plaintiff's counsel responded that he would probably not file any dispositive motion.

7. On April 4, 2016, Defendants filed their dispositive motion in this case; however Plaintiff did not file any dispositive motion.

8. Plaintiff has offered an excuse whatsoever for not serving his Second Request for written discovery within the time required by the Court.

9. Defendants will be prejudiced if they are required to respond now to Plaintiff's belated discovery, a month after discovery has closed, and after Defendants have drafted and filed their summary judgment motion based on the record established during the discovery period.

10. This Court's Local Rule 104 provides, in pertinent part, as follows:

**Timely Written Discovery Requests Required**
Interrogatories, requests for production, motions for physical and mental examination, and written deposition questions must be made at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court. Unless otherwise ordered by the Court, no discovery deadline will be extended because written discovery requests remain unanswered at its expiration.

11. The Court, in its October 15, 2015 Scheduling Order, reminded counsel of the provisions of Local Rule 104.

12. Since Plaintiff, without excuse, served his Second Requests outside of the time required to ensure that the requests were answered before the discovery deadline; and because Defendants would be severely prejudiced by having to reopen discovery after they have prepared their dispositive motion, the discovery deadline should not be extended to allow for additional discovery.

13. Since the deadline for dispositive motions passed without Plaintiff having filed any dispositive motion, or offering any excuse for not having done so, the dispositive motion deadline should not be extended to allow only one party the advantage of late filing date.

WHEREFORE, the Defendants respectfully request that the Court deny Plaintiff's Motion to Extend Discovery, and instead enter an order consistent with this response.

    Respectfully submitted,

/s/ Eileen Carr Riley
Eileen Carr Riley (Bar No. 23758)
Gil Abramson (Bar No. 01240)
JACKSON LEWIS LLP
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Fax: (410) 415-2001
Eileen.Riley@jacksonlewis.com
Gil.abramson@jacksonlewis.com

*Counsel for Defendants,*
*McDaniel College, Inc., et al*

4822-9345-7456, v. 1