# Exhibit 32

## IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
## SOUTHERN DIVISION

DR. PAVEL NAUMOV                    *
5301 Musket Court
Rockville, MD  20853                *

    Plaintiff                    *

v.                                  *    Case No.:  8:15-cv-00482GJH

McDANIEL COLLEGE, INC, et al..      *
2 College Hill
Westminster, Maryland 21157         *
*   *   *   *   *   *   *   *   *   *   *   *

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST REQUEST FOR INTERROGATORIES

COMES NOW, Plaintiff, Dr. Pavel Naumov, through counsel, James C. Strouse, Strouse Legal Service, and provides the following Answers to Defendant's First Request for Interrogatories:

1. Identify all persons known to you to have personal knowledge of the materials facts concerning any matter or issue relating to this action and describe in detail the nature and substance of each such person's knowledge.

**Answer:**  a.  Sara Miner More has personal knowledge that I have not harassed or stalked her.

    b.  Dr. Thomas Zipoli, who in the capacity of Provost, asked Sara about our relations.

    c.  Dr. Jeffrey Marx, who acted as Faculty Ombudsman.

    d.  Witnesses who testified at the Grievance Committee Hearing.

    e.  Defendant Stewart, who filed a false harassment/stalking claim.

1

2. Identify and describe in detail each and every communication, whether written, recorded, electronic, or oral, that you claim constitutes an admission by or is attributable to McDaniel. Your answer should include, but not be limited to, identifying for each such communication, the date and place of the communication, and the substance of the communication, in as verbatim a form as possible.

**Answer:** I am not aware of any admissions except those that were made in the answer to the complaint. I met with defendant Stewart on August 25, 2014 in the presence of T. Phizacklea. All other official communication with me took place through J. Glennon. Our email response is attached.

3. Identify and describe in detail any grievances, lawsuits, bankruptcy proceedings, complaints, charges, and/or claims, including insurance claims, to which you have been a party or witness, other than the instant case, and state the nature of the claims, the parties involved, the forum, and the outcome of the claims, including any settlements.

**Answer:** In the summer of 2014, I emailed the administration about a possible harassment that I experienced from a junior faculty member, Spencer Hamblen. Defendant Stewart failed to inform me about the results of the investigation of this complaint. I also filed car insurance claims and medical insurance claims. I do not recall any other claims.

4. Identify all means of communication and electronic data storage you have used since your date of hire by McDaniel through the present. Include in this response any email addresses, telephone numbers, fax numbers, social media accounts, mobile devices, computers, peripheral devices such as hard drives and storage disks, and any physical file or document storage.

3

**Answer:** Speech, letters, emails, phone, text. Phone numbers: 301-514-1970, 301-570-1940, 240-720-1570, 410-857-2473, and occasionally some other public/office numbers. In the ten years in question, I created for temporary purposes too many email accounts to keep track. The ones that I have been using regularly are pnaumov@mcdaniel.edu; pgn2@cornell.edu; pavel.naumov@gmail.com; naumovp@wpunj.edu; naumov@mac.com; and naumov@me.com. Note that some of them allow aliasing. For example, pavel.naumov+netflix@gmail is an alias for pavel.naumov@gmail.com. I sometimes use this feature. There are many more disposable-like accounts that I have created for specific companies or classes that I teach. I do not recall all of them. I have used hard drives, solid state drives, usb drives, CD ROM, iDisk, DropBox, Blackboard, Google Drive, Microsoft Clous, OmniPresence, iCloud, Flickr, IMAP servers, POP servers, Exchange servers, and naumovs.org storage spaces. I like to try new services as they become available. Of course, I also use file folders at McDaniel and at home, but most paper documents end up being stored unorganized around home/work office.

5. Describe in detail all communications between you and McDaniel regarding (1) the termination of your employment with McDaniel; (2) your Employment Agreement; (3) any violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* (Title IX"); (4) any violation of Due Process; or (5) any violation of the McDaniel Faculty Handbook, including, but not limited to, the date of each such communication and the form of communication (e.g. mail, oral communication, written letter).

**Answer:** I received a letter signed by Defendant Casey informing me about his decision to fire me. I received a job offer by mail from Tom Faulkner. See the attached documents from/to J. Glennon. I regularly communicated with J. Marx in

4