## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PAVEL NAUMOV,

       **Plaintiff,**

  **v.**

MCDANIEL COLLEGE, INC., ET AL,
       **Defendant.**

**Civil Action No. 8:15-CV-00482 GJH**

## DEFENDANT MCDANIEL COLLEGE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT DESIGNATION

Defendant McDaniel College, Inc.   ("McDaniel"), by and through its counsel, respectfully submits this memorandum in support of its Motion to Strike Plaintiff's Untimely Expert Designation and to preclude Plaintiff from offering Expert Opinion for any purposes in this action, including for use at trial.

### I.   INTRODUCTION

According to the scheduling order issued in this case on October 15, 2015, Plaintiff's deadline for expert disclosures under Fed. R. Civ. Proc. 26(a)(2) was December 14, 2015. (ECF 48.)  However, Plaintiff never identified any expert and discovery in this case closed on March 7, 2016.  Prior to that date, the Parties confirmed to the Court in their Joint Status Report that all discovery had been completed.  (ECF 51.)

On March 31, 2017, this Court ruled on Defendant's dispositive motion.  (ECF 71.) On April 6, 2017, this Court issued a Pretrial Scheduling Order and set this case for trial beginning on September 12, 2017.  (ECF 75.)

On June 29, 2017,[1] for the first time, Plaintiff Pavel Naumov notified Defendant McDaniel of his intention to designate an expert witness, and of the identity of that witness. Plaintiff provided no explanation for his untimely expert designation, except to state that, "[t]his is to inform you that in keeping with our obligation to supplement discovery requests, our Economics Expert on damages is ...". Plaintiff did not enclose any expert report but stated that any report would be immediately transmitted.

Counsel for Defendant McDaniel immediately contacted Plaintiff's counsel and requested that he withdraw his untimely expert witness designation, but Plaintiff has not done so.

For the foregoing reasons, which are described more fully below, the Court should strike Plaintiff's June 29, 2017 expert designation and preclude Plaintiff from introducing any expert witness opinion testimony at trial.

## II.    BACKGROUND

On October 15, 2015, the Court issued a scheduling order (ECF 48) setting out the following deadlines:

| Task | Deadline |
|---|---|
| Plaintiff's Rule 26(a)(2) expert disclosures | Dec. 14, 2015 |
| Defendants' Rule 26(a)(2) expert disclosures | Jan. 13, 2016 |
| Plaintiff's Rebuttal Rule 26(a)(2) expert disclosures | Jan. 27, 2016 |
| Rule 26(e)(2) suppl. of disclosures and responses | Feb. 3, 2016 |
| Discovery Deadline | Mar. 7, 2106 |

---

[1] This notification was made by a letter from Plaintiff's counsel, dated June 28, 2017 and sent via U.S. Mail, received on June 29, 2017.

Plaintiff never identified any expert during the discovery period. Since the scheduling order was entered, Plaintiff sought to modify the scheduling order in this case on March 24, 2016. (ECF 52.) The Court denied Plaintiff's motion, citing to the fact that Plaintiff provided no explanation why the discovery deadline should be extended, and to the fact that Plaintiff failed to provide good cause to modify the scheduling order, as required by Fed. R. Civ. Proc. 16 (b)(4).

Now, on June 29, 2017, more than eighteen months beyond his deadline for expert designation, and with trial only ten weeks away, Plaintiff has first notified Defendant McDaniel that he is identifying an expert witness on damages.

## III.    ARGUMENT

### A.    THE COURT SHOULD STRIKE PLAINTIFF'S EXPERT DESIGNATION BECAUSE IT IS UNTIMELY AND PREJUDICIAL TO DEFENDANT

Plaintiff's expert designation was served eighteen months after the Court-ordered deadline for expert designations and only ten weeks prior to the start of trial. Failure to comply with the expert disclosure requirements of Fed. R. Civ. Proc. 26(a) triggers an *automatic sanction* of exclusion unless the offending party can show substantial justification or harmlessness. See Fed. R. Civ. Proc. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Campbell v. U.S.,* 470 Fed.Appx. 153, 156 (4th Cir. 2012) ("as we have previously held, and as the language of Rule 37(c)(1) evidences, the Federal Rules impose an 'automatic sanction' of exclusion of a party's expert witness for failure to adhere to the expert witness requirements set forth in Rule 26(a)."); *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 595, n. 2 (4th Cir. 2003) (citing Rule

37(c) advisory committee note (1993)) ("The Rule 37(c) advisory committee notes emphasize that the 'automatic sanction' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence."). The burden is on the party facing sanctions for belated disclosure to show that its failure to comply was substantially justified or harmless. See *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

## B.   PLAINTIFF HAS PROVIDED ABSOLUTELY NO JUSTIFICATION, MUCH LESS A SUBSTANTIAL JUSTIFICATION, FOR HIS UNTIMELY EXPERT DESIGNATION

To evaluate whether a party's dilatory identification of any expert is "substantially justified," Courts consider the non-disclosing party's explanation for its failure to disclose the evidence. See *Southern States*, 318 F.3d at 597. A showing of bad faith or willful ignorance of the Court's deadlines is not necessary to impose the exclusion remedy. See *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011) ("For the sanction of exclusion to apply, Rule 37(c)(I) does not require a finding of bad faith or callous disregard of the discovery rules.").

There is no excuse for Plaintiff's delay in identifying any expert, nor has he provided any. Plaintiff joined in a status report more than one year ago confirming that discovery had been completed. Thus, the only reasonable explanations for Plaintiff's belated designation of an expert is that he has only now begun to prepare his case and realized that he cannot hope to prove some element of alleged damages without expert testimony, even if it means postponing the trial or requiring Defendant to engage in last minute discovery while trying to simultaneously prepare for trial. The Court should not condone such gamesmanship, and McDaniel requests that the Court strike Plaintiff's expert designation and preclude Plaintiff from offering any expert opinion at trial.

C.   PLAINTIFF'S   UNTIMELY   EXPERT   DESIGNATION   IS   NOT
HARMLESS

Plaintiff's eleventh-hour expert designation is highly prejudicial to McDaniel. In order

to evaluate harmlessness, a Court considers (1) the surprise to the party against whom the

evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to

which allowing the evidence would disrupt the trial; and (4) the importance of the evidence.

See *Southern States,* 318 F.3d at 597. A party's failure to comply with Rule 26 disclosure

requirements "unfairly inhibits its opponent's ability to properly prepare, unnecessarily

prolongs litigation, and undermines the district court's management of the case." *Saudi v.*

*Northrop Grumman Corp.,* 427 F.3d 271, 278 (4th Cir.2005). For these reasons, Courts have

wide latitude to order sanctions under Rule 37(c)(1), and "cases decided subsequent to

*Southern States* have not required courts to expressly consider each factor when evaluating

discovery violations." *Hoyle v. Freightliner, LLC,* 650 F.3d 321, 330 (4th Cir. 2011).

Here, the harm caused entirely as a result of Plaintiff's actions is self-evident. The June

29th designation was a complete surprise to McDaniel, since Plaintiff has never hinted at his

intention to designate any expert witness. Plaintiff never asked the Court for an extension of time

in order to designate an expert witness, and Plaintiff never discussed this request with Defendant.

When the trial date was set in April 2017, Plaintiff never mentioned his intention to unilaterally

resume discovery and identify an expert.   Moreover, the trial in this case should not be delayed

to accommodate Plaintiff's blatant disregard for the Scheduling Order — the only possible

cure for Plaintiff's violation.

Accordingly, Plaintiff's untimely expert designation should be excluded under Fed. R.

Civ. Proc. 37(c)(I). See, *e.g., Encompass Home & Auto Ins. Co. v. Harris,* 2013 WL 6095496,

at *3 (D. Md. Nov. 19, 2013) ("to cure any 'prejudice' or 'surprise' to Encompass would

prolong discovery, necessitate the expenditure of additional resources, and further delay the

ultimate resolution of this case. Considering all of the relevant factors, Encompass's Motion in Limine to Exclude the Harrises' Insurance Expert's Testimony at Trial will, therefore, be granted.")

## IV.  CONCLUSION

For the foregoing reasons, McDaniel respectfully requests that the Court grant its Motion to Strike Plaintiff's Untimely Expert Designation and preclude Plaintiff from offering Expert Opinion for any purposes in this action, including for use at trial.

Date: July 5, 2017                                Respectfully submitted,


/s/ Eileen Carr Riley
Eileen Carr Riley (Bar No. 23758)
Donald English (Bar No. 27534)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Fax: (410) 415-2001
Eileen.Riley@jacksonlewis.com
Donald.English@jacksonlewis.com

*Counsel for Defendant,*
*McDaniel College, Inc.*

4826-7600-4427, v. 1