IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAVEL NAUMOV,

       Plaintiff

v.

MCDANIEL COLLEGE, INC.,

       Defendant

Civil Action No. 8:15-CV-00482

GJH

_____

**MOTION TO RECONSIDER EVIDENCE OF LOSS OF TUITION BENEFITS**

COMES NOW, Dr. Pavel Naumov, Plaintiff, by and through undersigned counsel and states:

The Court has stated that the "Plaintiff has not alleged that his children would attend a university for which McDaniel will provide a tuition benefit". ECF No. 96 at 4. Further, the Court says that "Plaintiff cannot demonstrate with reasonable certainty that (1) the children will attend college; (2) his children would have attended a university for which McDaniel offered tuition benefits; (3) the amount of benefit McDaniel would have provided; and (4) that he will not now receive a similar benefit from a future employer if his children do attend college". *Id.*

1

Therefore, Plaintiff prays this Honorable Court will reconsider evidence that he did indeed lose tuition benefits. A Memorandum in support of the Plaintiff's Motion to Reconsider follows:

                                     Respectfully Submitted,

                                     /s/  James C. Strouse #09557

Strouse Legal Services
5401 Twin Knolls Road, Ste. 7
Columbia, Maryland 21045
410-730-7600
sstrousejc@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January 2018, a copy of the foregoing Motion to Reconsider Evidence of Loss of Tuition Benefits was delivered via the Courts ECF system to:

Donald E. English, Jr., Esq.
Eileen Carr Riley, Esq.
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Ste. 200
Baltimore, MD 21209

                                   /s//  James C. Strouse   #09557

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| PAVEL NAUMOV,<br><br>    Plaintiff<br><br>v.<br><br>MCDANIEL COLLEGE, INC.,<br><br>    Defendant | Civil Action No. 8:15-CV-00482<br><br>GJH |

_____

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER EVIDENCE OF LOSS OF TUITION BENEFITS**

  Dr. Naumov's oldest child, Victoria, is a senior in high school and is actively applying to college. There is a 100% certainty that she will attend college. Among the 14 colleges to which she is applying are several with which McDaniel currently has a tuition agreement plan, such as Franklin and Marshall College and others.

Thus, it is quite certain that his oldest daughter will attend a college that McDaniel would provide tuition benefits. The benefits are calculable with reasonable precision. The amount of benefit provided by McDaniel would be up to its tuition for schools like Franklin and Marshall. Both McDaniel and Franklin and Marshall have similar tuition structures and the cost per year is approximately $51,000 in

tuition and program costs.  Thus, the cost of the loss of tuition benefits is 4 x $51,000, or $204,000 for the 4 years of college.  Vassar does not offer tuition benefits for children of visiting Associate Professors.

As to the second daughter, she is almost certain to go to college as well, given that both her parents have Ph.D.s and her sister will be in college.  It is reasonably certain that she will go to college and attend a private college for which McDaniel has a tuition exchange program.  The cost of tuition at McDaniel can be reasonably estimated based on its tuition today.  Conservatively, the tuition would be the same and the loss of this benefit would be the same, or at least $204,000 for the second daughter as well.

It is important to reiterate that the Maryland Court of Appeals states that the "certainty rule" has been modified into a more flexible one of "reasonable certainty".  Referencing *M&R Builders v. Michael*, 215 Md 340, 345-49, 138 A.2d 350 (1958), the Court said "Generally proof of actual or even estimated costs is all that is required with certainty…..".  *Id.*

Avoiding the harsh requirements of the certainty rules, the Court of Appeals said:  (a) "if the fact or damage is proven with certainty, the extent or the amount thereof may be left to reasonable inference".  (emphasis added).  In the instant case, while the contract damage is yet to be proven in court, there is a high probability that a contract breach can be shown to a jury.  Thus, the reasonable inference rule is applicable to Dr. Naumov.  (b) "Where the defendant wrong has caused the difficulty of proving damage he cannot complain of the resulting uncertainty". (emphasis added).  *Id.*  In the instant case, the defendant has caused the damage and the loss of tuition benefits at McDaniels or at many private colleges and universities.  The only uncertainty is whether or not the second Naumov child will go to college.  This, as mentioned, *supra,* is almost a certainty and "from which liberal inferences may be drawn".  *Id*.  (c) "The more difficult

4

task is ascertaining that the amount of damage is not fatal". *Id.*  Here, in the instant case, the damages or relatively simple to calculate, although not precisely.  The tuition loss is equal to the tuition cost at McDaniel and the total damage for the second child is at least $204,000.  This conservative total does not include the damage that tuition costs are paid with after tax money.

Thus, in the Naumov case, the total should be increased by $61,200 for the four years, for each child. (d) "Mathematical precision in fixing the exact amount is not required".  *Id*.  Here, there is a solid estimate of the conservative cost of McDaniel College for 4 years of college. (e)  "It is sufficient if the best evidence of the damage is produced". (emphasis added) *Id.*  This is what has been done with the known cost of McDaniel College in 2017-2018.  The cost was not increased for the subsequent three years so the estimate of damage is conservative.  (f)  The Plaintiff is entitled to recover the value of his contract as measured by the value of his profits (consequential damages).  Thus, the above damages should be available to Dr. Naumov.  The total being $204,000 + $204,000 + $61,200 (after tax money), plus $61,200 (after tax money), or $530,400 for lost tuition benefits for both children.

## **CONCLUSION**

Given the Maryland Court of Appeals mandate in *M&T Builders v. Michael,* 215 Md 340, 345-349, 138 A.2d 350 (1958), it is clear the damage for college tuition should be available to Dr. Naumov for both daughters.  He prays this Honorable Court to allow the jury to consider these damages if he can prove a contract breach.

/s/  James C. Strouse #09557

5